UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MORGAN BLAKE CRAFT**                                         **CIVIL ACTION**

**VERSUS**                                                     **NO. 24-1806**

**PHYSICIANS GROUP**                                           **SECTION "B"(4)**
**LABORATORIES, LLC**

# ORDER

Considering defendant Physicians Group Laboratories, LLC's ex parte motion for extension of time to file responsive pleadings (Rec. Doc. 9),

**IT IS HEREBY ORDERED** that the motion is **GRANTED IN PART**, in accordance with this Order. Defendant shall file its responsive pleading, currently due by August 30, 2024, **no later than September 13, 2024**. As ground for its extension, defendant cites Local Rule 7.8. However, the rule is inapt because of its qualifying language:

> Upon certification by a moving party **that there has been no previous extension of time to plead** and that the opposing party has not filed in the record an objection to an extension of time, on ex parte motion and order, **the court must allow one extension for a period of 21 days** from the time the pleading would otherwise be due.

LR 7.8 (emphasis added). The Local Rules continues, supplying the standard once an extension has been granted: "Further extensions will not be granted by stipulation, but only upon motion and order of the court for good cause shown." *Id*.

Defendant acknowledges that it previously received a twenty-one-day extension. Rec. Doc. 9 at 1; *see also* Rec. Doc. 8 (granting pleading extension until Aug. 30, 2024). For a further extension, therefore, defendant would need to present good cause, pursuant to Local Rule 7.8.

As stated in the Federal Rules of Civil Procedure, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "To show good cause, the party

1

seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (internal quotation omitted). The Fifth Circuit Court of Appeals considers four factors in determining whether to allow modification of a scheduling order: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).

In requesting the continuance, defendant states parties "have reached a preliminary agreement on tentative settlement terms, and they are in the process of drafting a formal settlement agreement." Rec. Doc. 9 at 1. Plaintiff has consented to the motion. Defendant contends a continuance "will not cause any undue delay or prejudice" and is "in the interest of judicial efficiency and to preserve the resources of the Court and the parties." *Id*. Although defendant would be better served explicitly seeking a good-cause extension or a conditional dismissal, we find within defendant's motion good cause for a limited extension to answer the complaint.

New Orleans, Louisiana, this 29th day of August, 2024

_____
SENIOR UNITED STATES DISTRICT JUDGE