**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MORGAN BLAKE CRAFT,** | **CIVIL ACTION NO. 2:24-CV-01806** |
| *Plaintiff* | |
| **versus** | **JUDGE LEMELLE** |
| **PHYSICIANS GROUP** | **MAGISTRATE JUDGE ROBY** |
| **LABORATORIES, LLC** | |
| *Defendant* | |

## ANSWER TO COMPLAINT, AFFIRMATIVE AND OTHER DEFENSES, COUNTERCLAIM, AND JURY DEMAND

Defendant, Physicians Group Laboratories, LLC ("Defendant"), submits this answer, affirmative and other defenses in response to the Complaint filed by Morgan Blake Craft ("Plaintiff"), Counterclaim against Plaintiff, and Jury Demand.

### ANSWER

Answering the allegations of the Complaint, paragraph by paragraph, Defendant states:

1.      Defendant admits that Plaintiff is a natural person of the age of majority. The remaining allegations of Paragraph 1 of the Complaint are denied for lack of information sufficient to justify a belief therein.

2.      Defendant admits that it is a limited liability company organized and existing under the laws of the state of Louisiana, domiciled in Houma, Louisiana. Defendant admits that it formerly employed Plaintiff. Defendant admits that Andrew Yeates is a member of Defendant and that he is a natural person of the age of majority who is a citizen of, resides, and is domiciled in Louisiana. The remaining allegations of Paragraph 2 of the Complaint are denied.

3.      The allegations of Paragraph 3 of the Complaint are denied for lack of information sufficient to justify a belief therein.

1

4.      The allegations of Paragraph 4 of the Complaint are denied for lack of information sufficient to justify a belief therein.

5.      Defendant admits that venue is proper in this District pursuant to 28 U.S.C. §1391(b) as Defendant is domiciled in this District.

6.      Defendant admits that Plaintiff was employed by Defendant from November 2022 through April 2024. The remaining allegations of Paragraph 6 of the Complaint are denied as written.

7.      Defendant admits that on or about November 8, 2022, Plaintiff signed an offer letter for employment with Defendant as a Sales Executive.

8.      The allegations of Paragraph 8 of the Complaint are denied as written. The offer letter is the best evidence of its contents.

9.      Defendant admits that on or about November 8, 2022, Plaintiff signed an Employment Agreement with Defendant. The remaining allegations of Paragraph 9 of the Complaint are denied as written.

10.     The allegations of Paragraph 10 of the Complaint are denied as written.

11.     Defendant admits that on November 28, 2022, Plaintiff was working for Defendant as a Sales Executive in Northern Mississippi, and that he maintained this role until his employment ended on April 26, 2024. The remaining allegations of Paragraph 11 of the Complaint are denied as written.

12.     Defendant admits that by a letter dated May 24, 2024, Defendant, through counsel, alleged Plaintiff violated the Employment Agreement. The remaining allegations of Paragraph 12 of the Complaint are denied for lack of information sufficient to justify a belief therein.

13.     The allegations of Paragraph 13 of the Complaint are denied as written.

2

14.     The allegations of Paragraph 14 of the Complaint are denied for lack of information sufficient to justify a belief therein.

15.     The allegations of Paragraph 15 of the Complaint are denied for lack of information sufficient to justify a belief therein.

16.     The allegations of Paragraph 16 of the Complaint are non-substantive and require no response. To the extent a response is required, Defendant denies the allegations.

17.     The allegations of Paragraph 17 of the Complaint are denied as written. The offer letter is the best evidence of its contents.

18.     The allegations of Paragraph 18 of the Complaint are denied as written. The offer letter is the best evidence of its contents.

19.     Defendant admits that Plaintiff signed the offer letter and Employment Agreement on November 8, 2022. The remaining allegations of Paragraph 19 of the Complaint are denied as written.

20.     The allegations of Paragraph 20 of the Complaint are denied as written. The offer letter is the best evidence of its contents.

21.     The allegations of Paragraph 21 of the Complaint are denied as written.

22.     The allegations of Paragraph 22 of the Complaint are denied as written.

23.     The allegations of Paragraph 23 of the Complaint are denied as written.

24.     The allegations of Paragraph 24 of the Complaint are denied for lack of information sufficient to justify a belief therein.

25.     The allegations of Paragraph 25 of the Complaint are denied as written.

26.     The allegations of Paragraph 26 of the Complaint are denied as written. The Employment Agreement is the best evidence of its contents.

27.     The allegations of Paragraph 27 of the Complaint are denied as written. The Employment Agreement is the best evidence of its contents.

28.     The allegations of Paragraph 28 of the Complaint are denied as written. The Employment Agreement is the best evidence of its contents.

29.     The allegations of Paragraph 29 of the Complaint allege legal conclusions and require no response. To the extent a response is required, Defendant denies the allegations.

30.     The allegations of Paragraph 30 of the Complaint allege legal conclusions and require no response. To the extent a response is required, Defendant denies the allegations.

31.     The allegations of Paragraph 31 of the Complaint allege legal conclusions and require no response. To the extent a response is required, Defendant denies the allegations.

32.     The allegations of Paragraph 32 of the Complaint allege legal conclusions and require no response. To the extent a response is required, Defendant denies the allegations.

33.     The allegations of Paragraph 33 of the Complaint are non-substantive and require no response. To the extent a response is required, Defendant denies the allegations.

34.     The allegations of Paragraph 34 of the Complaint are denied as written.

35.     The allegations of Paragraph 35 of the Complaint allege legal conclusions and require no response. To the extent a response is required, Defendant denies the allegations.

36.     The allegations of Paragraph 36 of the Complaint allege legal conclusions and require no response. To the extent a response is required, Defendant denies the allegations.

37.     The allegations of Paragraph 37 of the Complaint are denied.

38.     The allegations of Paragraph 38 of the Complaint are denied.

39.     The allegations of Paragraph 39 of the Complaint are non-substantive and require no response. To the extent a response is required, Defendant denies the allegations.

40.     The allegations of Paragraph 40 of the Complaint allege legal conclusions and require no response. To the extent a response is required, Defendant denies the allegations.

41.     The allegations of Paragraph 41 of the Complaint allege legal conclusions and require no response. To the extent a response is required, Defendant denies the allegations.

42.     The allegations of Paragraph 42 of the Complaint are denied.

43.     The allegations of Paragraph 43 of the Complaint allege legal conclusions and require no response. To the extent a response is required, Defendant denies the allegations.

44.     The allegations of Paragraph 44 of the Complaint allege legal conclusions and require no response. To the extent a response is required, Defendant denies the allegations.

45.     The allegations of Paragraph 45 of the Complaint are denied.

46.     The allegations of Paragraph 46 of the Complaint are denied.

47.     The allegations of Paragraph 47 of the Complaint are denied.

48.     The allegations of Paragraph 48 of the Complaint are denied.

49.     The allegations of Paragraph 49 of the Complaint are denied.

50.     The allegations of Paragraph 50 of the Complaint are denied.

51.     The allegations of Paragraph 51 of the Complaint are denied.

52.     The allegations of Paragraph 52 of the Complaint are denied as written.

53.     The allegations of Paragraph 53 of the Complaint are non-substantive and require no response. To the extent a response is required, Defendant denies the allegations.

54.     The allegations of Paragraph 54 of the Complaint are denied.

55.     The allegations of Paragraph 55 of the Complaint are denied.

56.     The allegations of Paragraph 56 of the Complaint are denied for lack of information sufficient to justify a belief therein.

57.     Defendant denies that Plaintiff is entitled to any of the relief prayer for in the Prayer

for Relief contained in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

NOW FURTHER ANSWERING the allegations of the Amended Complaint, Defendant

states its affirmative and other defenses as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Employment Agreement complies with La. R.S. § 23:921 and is enforceable.

### THIRD DEFENSE

Plaintiff has unclean hands and is not entitled to any of the relief that he seeks.

### FOURTH DEFENSE

Plaintiff is not entitled to any damages, which are incompatible with a declaratory

judgment action.  In the alternative, Plaintiff has failed to mitigate any damages to which he may

be deemed to be entitled.

### FIFTH DEFENSE

The cases that Plaintiff cites do not apply to the facts or the Employment Agreement at

issue in this case and are inapposite.  In addition, these cases are not binding on this Court.

### REQUEST FOR DEFENSE ATTORNEYS' FEES AND COSTS

Defendant is entitled to an order compelling Plaintiff to reimburse it for all attorneys' fees,

court costs, and other costs of enforcing the Employment Agreement, as authorized by the parties'

contract, or as otherwise permitted by applicable law.

## COUNTERCLAIM FOR BREACH OF CONTRACT,
## INJUNCTIVE RELIEF, AND DAMAGES

Defendant asserts its Counterclaim against Plaintiff and alleges as follows:

1.

 Defendant is the plaintiff with respect to this Counterclaim.

2.

Plaintiff is made defendant to this Counterclaim.

3.

The Court has jurisdiction over this Counterclaim because the parties are diverse, there is more than $75,000 at issue, the claims herein arise out of the same Employment Agreement and the same transactions or occurrences that form the basis of Plaintiff's main demand, and this is a compulsory counterclaim which Defendant must assert in this case pursuant to Rule 13 of the Federal Rules of Civil Procedure.

4.

The Eastern District of Louisiana is a proper venue for Defendant' Counterclaim because it arises out of Plaintiff's breach of the Employment Agreement, which forms the basis of Plaintiff's main demand, in this district.

5.

Plaintiff was employed by Defendant in a sales capacity.

6.

The Employment Agreement was presented to Plaintiff with an offer of employment and thus was tied from the outset to Plaintiff's employment relationship with Defendant.

7.

The facts of this case are substantially different from the facts of *Clapp v. Rouses* and the cases cited therein.

8.

The Employment Agreement's restrictive covenants comply with La. R.S. 23:921 and are enforceable.

9.

The other provisions of the Employment Agreement, including its provisions related to Plaintiff's obligations to protect and not use or disclose Defendant's Confidential Information, are not subject to La. R.S. 23:921 and are enforceable.

10.

Plaintiff accepted compensation from Defendant throughout his employment with Defendant and was fully aware of and agreed to honor the commitments he made in his Employment Agreement.

11.

Like the confidentiality provisions, the restrictive covenant provisions in the Employment Agreement were material consideration for Defendant's decision to employ Plaintiff and pay him handsomely.

12.

Plaintiff acknowledged that the Employment Agreement's restrictive covenants provisions would not prevent him from earning a living and, while they restricted his ability to become employed with a competing business, these provisions were justified in light of the compensation, benefits, and access to Confidential Information that Defendant provided to him.

13.

Plaintiff agreed that his compliance with the restrictive covenant provisions was necessary to protect the business and goodwill of Defendant.  He further agreed that a violation of these provisions would cause irreparable injury to Defendant, and that if he breached these provisions, Defendant shall be entitled to enjoin him from such conduct without proof of irreparable injury and obtain and award of damages.

14.

Plaintiff agreed to reimburse Defendant for costs associated with the enforcement of the Employment Agreement, including court costs and reasonable attorneys' fees.

15.

Plaintiff also agreed that if a court of competent jurisdiction determines that any provisions of the Employment Agreement are unreasonable or unenforceable, said court shall modify such restriction or provision so that it then becomes an enforceable restriction of his activities.

16.

Plaintiff read and was fully aware of the terms of the Employment Agreement, including the confidentiality provisions and the restrictive covenant provisions, before he signed the agreement.

17.

Defendant would not have paid Plaintiff substantial compensation or provided him with other benefits if it had known he would violate the Employment Agreement within months of his departure from the company and then file suit to invalidate the restrictive covenant provisions in the agreement rather than comply with the obligations he voluntarily assumed when he signed the agreement.

18.

Plaintiff resigned from his position with Defendant to become employed by a company that competes against Defendant.

19.

Shortly after his resignation, Defendant reminded Plaintiff in writing of his obligations under the Employment Agreement.

20.

Plaintiff has intentionally breached his obligations under the Employment Agreement by, among other things, competing with Defendant in the territory specified in the Employment Agreement and soliciting business from Defendant's customers in the restricted territory, all as described below and in the main demand.

## COUNT I--BREACH OF CONTRACT

21.

The allegations contained in paragraphs 1 – 20 of this Counterclaim are all incorporated herein by reference.

22.

The Employment Agreement that Plaintiff entered into with Defendant is a valid and enforceable contract.

23.

In his main demand in this action, Plaintiff has admitted that he has materially breached the restrictive covenant provisions of the Employment Agreement.

24.

On information and belief, Plaintiff is also using Defendant' Confidential information to compete with the company and convert business from its customers in violation of the Employment Agreement.

25.

As a direct and proximate result of Plaintiff's breach of the Employment Agreement, Defendant has suffered and will continue to suffer injury, loss, harm, and damages.  Plaintiff is therefore liable to Defendant for the damages, interest, attorneys' fees, and costs that his breaches of the Employment Agreement have caused.

## PRAYER

**WHEREFORE,** Defendant prays that, after due proceedings, it be granted the following relief:

1. A declaratory judgment (a) rejecting all of the relief requested in the Prayer of Plaintiff's Complaint, and (b) declaring that the confidentiality and restrictive covenant provisions of the Employment Agreement are enforceable.

2. The issuance of injunctive relief providing that for two years from the effective date of his resignation, Plaintiff and anyone acting in concert with him: (a) shall not possess, use, or disclose any of Defendant's Confidential Information; and (b) shall not carry on or engage in a competitive business in the restricted territory.

3. An award of damages resulting from Plaintiff's breach of the Agreement.

4. An order compelling Plaintiff to pay Defendant's attorneys' fees and costs in connection with this matter and its enforcement of the Agreement.

5. An award of pre-judgment interest from the date of Defendant's Counterclaim to the date of judgment, and post-judgment interest from the date of judgment until the judgment is paid.

6. Any other just and equitable relief to which Defendant may be entitled.

11

**JURY DEMAND**

Defendant requests a trial by jury of this matter.

Respectfully submitted,

/s/ Michael C. Mims
Thomas J. McGoey II, T.A. (Bar #18330)
Michael C. Mims (Bar #33991)
Ellen D. George (Bar #39891)
LISKOW & LEWIS
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Fax: (504) 556-4108
tjmcgoey@liskow.com
mmims@liskow.com
egeorge@Liskow.com

**Attorneys for Defendant**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing pleading has been served upon all counsel of record by email and/or through the Court's electronic filing system, on this 13th day of September 2024.

/s/ Michael C. Mims